Case 1:05-cv-00647-GK   Document 89   Filed 04/14/06   Page 1 of 8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                               :
**ARTHUR O. KLEIN**,            :
                               :
    **Plaintiff**,           :
  v.                           :
                               :
**JAMES A. TOUPIN**             :
**General Counsel**,            :
**U.S. Patent and Trademark**   :   Civil Action No. 05-647 (GK)
**Office**, <u>et</u> <u>al.</u>,  :
                               :
    **Defendants**.         :
_____:

### <u>MEMORANDUM OPINION</u>

Plaintiff, Arthur O. Klein, brings this suit <u>pro</u> <u>se</u> alleging that Defendants[1] unlawfully denied his seventh petition for reinstatement to practice before the United States Patent and Trademark Office ("USPTO") and violated his due process rights under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion For Leave By The Court To Permit Diane L. Klein and Arthur O. Klein (Hereinafter "the Kleins") To File A Second Amended Complaint. . .("Motion for Leave"), [**#68**]. Upon consideration of the Motion, Opposition, Reply and the entire record herein, and for the reasons stated below, Plaintiff's Motion for Leave is **denied**.

---

[1] Defendants are James A. Toupin, Harry Moatz, the United States Patent and Trademark Office ("USPTO"), and the United States Department of Commerce.

**I.  BACKGROUND**

On January 4th, 2006, Plaintiff filed the instant Motion to amend his first amended complaint to include his wife, Diane Klein, as an interpleader plaintiff, and the following parties as interpleader defendants ("proposed defendants"): (1) Collard and Roe P.C. and Allison Collard ("Collard"), (2) First American Title Insurance Co., (3) Kirk Straight and Nicole Straight, (4) Michael Laux, (5) Charles Rockwell, (6) American International Group, (7) the Statewide Grievance Committee and (8) the Superior Court System of the Judicial Branch of the State of Connecticut.  Pl.'s Mot. at 2.

Plaintiff alleges that the proposed defendants have "repeatedly violated . . . the property rights of Arthur O. Klein and [his wife] . . . as guaranteed under the Fourth and Fifteenth Amendment of the U.S. Constitution and in gross violation of 42 U.S.C. 1983."  He further alleges that Collard and Roe and First American "threaten, on the basis of an unconstitutionally obtained suspension of Arthur O. Klein as a member of the USPTO Bar, to further deprive the Kleins . . . of their property rights and inflict . . . further emotional distress on the Kleins."  Id.

Plaintiff's factual allegations supporting this Motion are somewhat unclear.  Plaintiff contends that in June 1992, Collard filed a lawsuit against Plaintiff in the Supreme Court of the State of New York and Collard prevailed.  Id. at 4.  Further, Plaintiff

2

asserts that on March 18, 1998, Collard filed a second suit concerning real estate, in the Superior Court for the State of Connecticut, against Plaintiff and his wife, in which Collard prevailed. Id. at 5.

Additionally, Plaintiff claims that on November 16, 1998, his wife was induced by First American, the Straights, the Straights' attorney, and Plaintiff's attorney, to place the proceeds of the sale of a parcel of land in a trust account under control of Laux and Rockwell. Id. at 7. According to Plaintiff, on or about January 2, 2000, Laux and Rockwell deposited the sale money with the clerk of the Stamford Superior Court. Id.

Plaintiff also contends that on December 20, 2005, the Superior Court erroneously issued a judgment in favor of Collard and awarded him the money from the sale of Plaintiff's wife's property. Id. at 8. Further, Plaintiff asserts that a Superior Court Judge in Stamford improperly ignored Plaintiff's reasons why commensurate action was unnecessary in another lawsuit with the Statewide Grievance Committee. Id. at 9. Plaintiff also alleges that American International Group improperly refused Plaintiff insurance coverage in his dealings with USPTO. Id. at 10-11.

Essentially, Plaintiff has filed this Motion because he is unhappy with the results of ongoing proceedings in other courts. Like Plaintiff's previous Motion for Temporary Restraining Order, which was denied on February 10, 2006, in which he sought to enjoin

the proposed defendants from proceeding in two civil actions, Plaintiff has failed to link the proposed defendants to his claims in this Court.

Defendants oppose Plaintiff's Motion on the grounds that granting leave to amend would be futile. Defendants argue that: (1) Section 1983 does not apply to the proposed defendants, (2) this Court lacks personal jurisdiction over the proposed defendants, and (3) venue is not proper in this district.[2] Defs.' Opp'n at 4-8.

**II. STANDARD OF REVIEW**

A party may amend its complaint once "as a matter of course" before a responsive pleading is filed, but thereafter, a party must obtain leave from the court or written consent from the adverse party. Fed. R. Civ. P. 15(a). Although leave to amend a complaint "shall be freely given when justice so requires," id., granting leave is improper where the amendment would be futile. See Atchison v. District of Columbia, 73 F.3d 418, 425-27 (D.C. Cir. 1996); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). As such, a district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss. See Atchison, 73 F.3d at 425-27; James Madison Ltd., 82 F.3d at 1099. When a court denies a motion

---

[2] Defendants also correctly note that Plaintiff failed to attach the proposed second amended complaint as required by Local Civil Rule 7(i).

4

to amend, "the court must base its ruling on a valid ground and provide an explanation." Robinson v. Detroit News, Inc., 211 F.Supp.2d 101, 114 (D.D.C. 2002) (citing James Madison Ltd., 82 F.3d at 1099).

**III. ANALYSIS**

Because Plaintiff has failed to establish that the Court has personal jurisdiction over the proposed defendants, or that venue is proper in this district, his Motion must be denied for futility.[3]

    **A.**    **Plaintiff Has Not Established that the Court has Personal Jurisdiction**

Under the District of Columbia's long-arm statute, D.C. Code § 13-423, "a plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." Cellutech, Inc. v. Centennial Cellular Corp., 871 F.Supp. 46, 48 (D.D.C. 1994). "In order to meet this burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations." Robinson v. Ashcroft, 357 F.Supp.2d 142, 144 (D.D.C. 2004); see also Cellutech, 871 F.Supp. at 48 ("Plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District

---

[3] Defendants' third reason for denying Plaintiff's instant Motion, namely that Section 1983 does not apply to the proposed defendants because they are either private individuals or private entities, need not be addressed at this time, since the Court concludes that it lacks personal jurisdiction and that venue is improper in this district.

of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum.").

In the instant case, none of the proposed defendants reside in the District of Columbia. Plaintiff's bare assertion that "upon information and belief," some of the proposed defendants have "sufficient contacts with the District of Columbia," Pl.'s Reply at 8-9, is merely a conclusory assertion which is insufficient to "constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction." Second Amendment Found. v. U.S. Conf. of Mayors, 274 F.3d 521, 525 (D.C. Cir. 2001). Plaintiff therefore has not met his burden of establishing a factual basis for this Court to exercise personal jurisdiction over the proposed defendants.[4]

**B.   Plaintiff Fails to Establish Proper Venue**

In the instant case, subject-matter jurisdiction is not premised solely on diversity, and therefore, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be

---

[4] Plaintiff also seeks to add his wife, Diane Klein, as an interpleader plaintiff. However, because Mrs. Klein's claims only relate to the proposed defendants, who will not be joined, to add her as a plaintiff would likewise be futile.

> found, if there is no district in which the action
> may otherwise be brought.

28 U.S.C. § 1391(b) (1998).

To determine if venue is proper, the court accepts "the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dep't of Energy, 231 F.Supp.2d 274, 277 (D.D.C. 2002). Furthermore, "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F.Supp.2d 52, 56 (D.D.C. 2003).

In the instant case, Plaintiff offers no factual assertions to demonstrate that any of the conditions of § 1391(b) are satisfied. Plaintiff's Motion does not assert that any of the proposed defendants reside in, or can be found in, the District of Columbia for purposes of venue. Furthermore, all of the events and property mentioned in Plaintiff's Motion pertain to either New York or Connecticut. Consequently, even viewing all relevant facts in his favor, Plaintiff has failed to meet his burden of establishing that venue is proper in this district.
7

**IV. CONCLUSION**

Plaintiff has failed to establish that the Court has personal jurisdiction over the proposed defendants or that venue is proper in this Court. Without establishing these two crucial elements, which go to the Court's jurisdiction to hear his proposed claims, Plaintiff's proposed second amended complaint would not survive a motion to dismiss, and is therefore rendered futile. <u>James Madison Ltd.</u>, 82 F.3d at 1099. Accordingly, for the foregoing reasons, Plaintiff's Motion for Leave, [**#68**], must be **denied.**

An Order will issue with this Memorandum Opinion.

April 14, 2006                          /s/                                
                                        Gladys Kessler
                                        United States District Judge

**Copies to: Attorneys of record via ECF and**

ARTHUR O. KLEIN
7 Half Mile Common
Westport, CT 06880
(203) 226-3269