UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**ARTHUR O. KLEIN**,                :
                                    :
      **Plaintiff**,          :
                                    :
      v.                      :
                                    :   Civil No. 05-647 (GK)
**JAMES A. TOUPIN**                 :
General Counsel,                    :
U.S. Patent and Trademark           :
Office, et al.,                     :
                                    :
      **Defendants**.         :
_____:

**MEMORANDUM OPINION**

     Plaintiff, Arthur Klein, brings this case pro se alleging that Defendants, James Toupin, Harry Moatz, the United States Patent and Trademark Office ("USPTO"), and the United States Department of Commerce, unlawfully denied his seventh petition for reinstatement to practice before the USPTO. He brings suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and 42 U.S.C. § 1983.

    This matter is before the Court on Plaintiff's Motion for Summary Judgment, [#44], and Defendants' Cross Motion to Dismiss or, in the Alternative, for Summary Judgment, [#52]. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated below, Defendants' Motion

is **granted** and Plaintiff's Motion is **denied**.

**I.   BACKGROUND**

The USPTO instituted a disciplinary proceeding against Plaintiff in 1984, charging him with fraudulently back-dating documents he filed with the USPTO, neglecting legal matters entrusted to him, and providing false information in connection with the USPTO's investigation of his conduct. After an extensive discovery period and hearing, the Administrative Law Judge ("ALJ") found that Plaintiff had violated various USPTO disciplinary rules and recommended that he be suspended from practice for two years. The USPTO Director agreed with the ALJ's decision, and issued a final order suspending Plaintiff from practice for two years. The order provided that he could qualify for reinstatement after the two year suspension by complying with the requirements found in 37 C.F.R. §§ 10.158 ("Rule 158") and 10.160 ("Rule 160").

Since that time, instead of complying with the terms of the Director's order regarding reinstatement, Plaintiff has filed eight petitions with the USPTO, and numerous cases in the federal district courts and appeals to the Federal Circuit, each substantively challenging his original suspension from practice.

Plaintiff first petitioned the USPTO for reinstatement in 1988. The USPTO denied his petition because he did not comply with the terms of his suspension governing when he could apply for reinstatement. Plaintiff then sought reversal of the USPTO's

decision to suspend his practice in federal district court.  The District Court upheld the USPTO's determination, Klein v. Peterson, 696 F. Supp. 695 (D.D.C. 1988), and the Federal Circuit affirmed. Klein v. Peterson, 866 F.2d 412 (Fed. Cir. 1989).

Plaintiff then proceeded to file seven successive petitions before the USPTO and five additional lawsuits in federal district court, all of which were based on the same nucleus of facts underlying the USPTO's original decision not to reinstate him. See Klein v. Rogan, 02-789, slip op. at 1-6 (D.D.C.  Mar. 28, 2003) (Kessler, J.) (describing litigation history).  All of Plaintiff's petitions[1] to the USPTO have been denied for the same reason - namely that Plaintiff failed to comply with the requirements for reinstatement outlined in Rules 158 and 160.  All of the USPTO's decisions denying Plaintiff's petitions have been upheld in federal district court.  Peterson, 696 F. Supp. 695 (dismissal involved two consolidated petitions to USPTO); Klein v. Lehman, No. 92-2798, slip. op. (D.D.C. Mar. 4, 1994) (Lamberth, J.); Klein v. USPTO, No. 94-240 (D.D.C. Oct. 24, 1996) (Sullivan, J.); Rogan, No. 02-789 (D.D.C. Mar. 28, 2003).  All of the District Court decisions which were appealed were affirmed by the Federal Circuit.  Klein v. Lehman, 61 F.3d 918 (Fed. Cir. 1995) (table); Klein v. Dudas, 2005 WL 548264 (Fed. Cir. Mar. 9, 2005).

---

[1] At the time these Motions were filed, the USPTO had not yet decided Plaintiff's eighth petition for reinstatement.

Plaintiff's sixth petition for reinstatement to practice before the USPTO was denied on the same grounds as his previous petitions - failure to comply with Rules 158 and 160. This Court upheld that decision in <u>Rogan</u>, and the Federal Circuit affirmed. Considering Plaintiff's long history of unsuccessful litigation, the Federal Circuit warned Mr. Klein that "[a]ny future filing on the body of facts already in the record will be considered frivolous, and could lead to sanctions." <u>Dudas</u>, 2005 WL 548264.

Nonetheless, in 2003 Plaintiff filed his seventh petition before the USPTO, based on the same set of facts presented in his sixth petition. Indeed, his seventh petition incorporated by reference the entire administrative record from <u>Rogan</u>, indicating that the factual bases for the two cases are identical. Again, the USPTO denied his petition. Plaintiff now seeks review of that decision.

**II.   STANDARD OF REVIEW**

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c). A fact is "material" if it might affect the outcome of the action under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party then must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotations omitted). See Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (nonmoving party has affirmative duty "to provide evidence that would permit a reasonable jury to find" in its favor).

**III.   ANALYSIS**

   **A.   Plaintiff's Constitutional Claims, APA Claims, and Patent Act Claims Are Barred by the Doctrine of Res Judicata**

Under the doctrine of res judicata, a "judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 217 (D.C. Cir. 2004). As the Supreme Court has explained, the doctrine works "to preclude parties from contesting matters that they have had a full and fair opportunity to litigate," which in turn "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153 (1979). Res judicata

bars a party from litigating not only those issues that were previously litigated, but also those that could have been raised, but were not.  Allen v. McCurry, 449 U.S. 90, 94 (1980).

### 1. Plaintiff's Constitutional Claims

In Counts I and II of his Amended Complaint, Plaintiff alleges violations of his First, Fourth, Fifth and Fourteenth Amendment rights.  Am. Compl. at ¶¶ 21-22.  These claims were already raised and squarely rejected in Rogan, in which this Court held that Plaintiff simply "had no fundamental right to the . . . practice of law before the PTO."  Rogan, No. 02-798, slip op. at 13-14; see also Peterson, 696 F. Supp. 695, 698 (D.D.C. 1998) (holding that USPTO disciplinary proceeding did not violate Klein's due process rights).  Because Plaintiff's constitutional claims related to the USPTO's handling of his petition for reinstatement have already been rejected in a final judgment by this Court, they are barred by the doctrine of res judicata and must be dismissed.

### 2. Klein's APA and Patent Act Claims

In Counts III and VIII, Klein alleges that the USPTO violated the APA and the Patent Act, 32 U.S.C. § 32, because his original disciplinary proceeding was based on inconsistent evidence.  Am. Compl. at ¶ 10, 17; Pl. Mot. Summary J. at 4.  Klein made these same arguments in Rogan, and they were squarely rejected by this Court.  Rogan, No. 02-789, slip op. at 12.

Klein alleges that these claims are nonetheless not barred by

res judicata because he had not discovered the "Clopper Memoranda," which he claims contain exculpatory information, until May 2002. The record simply does not support his assertion.

The Clopper Memoranda were part of the record the Administrative Law Judge ("ALJ") considered in initially suspending Plaintiff from practice. The Clopper Memoranda were listed in the USPTO's exhibit list, which was served on Klein on June 3, 1985, through his lawyer. See Defs.' Ex. C at 3. Indeed, Plaintiff even cited to the Clopper Memoranda in his reply brief, filed on October 30, 1985, at the disciplinary hearing. See Defs.' Ex. E at 2, n. 2.

The record for Plaintiff's appeal of the ALJ's decision in Peterson also included the Clopper Memoranda. In that case, Judge Harold Greene held that "the proceedings below were fairly conducted after due notice of the charges, and in accordance with fundamental principles of fair play and applicable procedural standards established by law." 696 F. Supp. at 699.

As Plaintiff was aware of the existence of the Clopper Memoranda during the pendency of his initial disciplinary proceedings, and indeed relied upon them in one of his briefs, Plaintiff's argument that the Clopper Memoranda were only recently "discovered" is without any merit whatsoever.

Accordingly, Plaintiff's APA and Patent Act claims are barred under res judicata, and Counts III and VIII of Plaintiff's Amended

Complaint must be dismissed.  <u>Allen</u>, 449 U.S. at 94.

**B.     Plaintiff's FOIA Claims Are Meritless**

Plaintiff filed one FOIA request in 2002 and at least six additional requests in the past three years.  Defendant argues that it properly processed and responded to each of the requests, and that therefore Plaintiff's FOIA claims should be dismissed.

**1.     FOIA Requests 04-185, 04-186, 04-267, and 05-008**

In FOIA requests 04-185, 04-186, 04-267, and 05-008, Plaintiff sought release of various documents regarding his suspension from practice and other USPTO disciplinary actions from the 1980s.  In each case, Plaintiff requested a fee waiver.  Defendants initially denied all of Plaintiff's requests, but upon further review, granted a fee waiver for request 04-185.  Plaintiff unsuccessfully appealed the denials of a fee waiver for his other three requests.

Fee waivers under FOIA are granted only when it is established that 1) the disclosure of information is not primarily in the commercial interest of the requester; and 2) where the disclosure of information is in the public interest.  5 U.S.C. § 552(a)(4)(A)(iii).  Courts consider four factors to determine if the release of information would serve the public interest:  1) whether the requested information "concern[s] identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated"; 2) whether the information is "meaningfully informative about

-8-

government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities"; 3) whether the information will "contribute to the understanding of a reasonably broad audience of persons interested in the subject"; and 4) "[w]hether the disclosure is likely to contribute 'significantly' to public understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(i)-(iv)(1999); see also Judicial Watch, Inc. v. Dep't of Justice, 122 F. Supp. 2d 5, 8-11 (D.D.C. 2000). A district court conducts a de novo review of an agency's denial of a fee waiver. 5 U.S.C. § 552(a)(4)(A)(vii).

Although the Government concedes that the information Plaintiff seeks satisfies the first prong of this test, Plaintiff has not met any of the other requirements. With respect to the second prong, Plaintiff made a conclusory argument that his suspension was the result of misconduct by various USPTO officials, but did not produce any evidence whatsoever to support his assertion. Bare allegations of malfeasance, unsupported by the evidence, cannot serve to satisfy this factor. Am. Fed'n Gov't Employees v. Dep't of Commerce, 632 F. Supp. 1272, 1278 (D.D.C. 1986).

Plaintiff fails to satisfy the third factor, which requires that disclosure contribute to the understanding of the public at large, because he did not present any evidence or make any argument

that the requested information would benefit anyone other than himself.

Finally, Plaintiff failed to present any evidence to show how disclosure of the requested information would contribute significantly to public understanding of government operations or activities. <u>Judicial Watch v. Dep't of Justice</u>, 185 F. Supp. 2d 54, 62 (D.D.C. 2002) (plaintiff failed to describe with specificity how disclosure of particular documents would "'enhance' public understanding 'to a significant extent.'").

Because Klein failed to satisfy the requirement that disclosure of the documents he sought would serve the public interest, the denial of fee waivers by the USPTO was in accordance with the regulations, and his claims with respect to these FOIA requests must be denied.

### 2. FOIA Request No. 04-185

To prevail on summary judgment under FOIA, a defendant must demonstrate that "it has conducted a search reasonably calculated to uncover all relevant documents." <u>Weisberg v. United States</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984). This can be achieved by providing "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." <u>Iturralde v. Comptroller of the Currency</u>, 315 F.3d 311, 313-14 (D.C. Cir. 2003)(ellipses in original). "If a review of the

record raises substantial doubt, particularly in view of 'well defined requests and positive indications of overlooked materials,' summary judgment is inappropriate." Id. at 314 (quoting Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999)).

With respect to FOIA request 04-185, which sought, in part, "a copy of all USPTO inter-office memos and correspondence" concerning the final order in two disciplinary proceedings, Defendants argue that they performed searches for the requested records, but did not locate any responsive documents. To support that assertion, they provide the Declaration of Robert Fawcett, Program Analyst for the USPTO, who administers the USPTO FOIA program. Defs.' Ex. I at ¶ 1.

Fawcett determined that if responsive documents existed, they would be located in either the Office of the Director, which issued the disciplinary orders in issue, or the USPTO's Office of Enrollment and Discipline ("OED"), which maintains files on all patent practitioner disciplinary matters, including the one requested by plaintiff. Id. at ¶¶ 7-8. Since Defendants searched for the documents in the locations where they would be maintained, their search was "reasonably calculated to uncover all relevant documents" with respect to request 04-185. Weisberg, 745 F.2d at 1485. Consequently, Plaintiff's claim with respect to FOIA request 04-185 must be dismissed.

### 3.    FOIA Request No. 02-205

In one of Plaintiff's previous cases in this Court, he attempted to amend his complaint to include matters pertaining to FOIA request 02-205.  This Court denied Plaintiff's motion for leave to amend on the grounds of futility because he had failed to exhaust his administrative remedies.  See Klein v. Toupin, No. 02-789, slip op. at 2 (D.D.C. Oct. 11, 2002).  The Court stated, "[a]s Plaintiff concedes in his papers, he did not send the appeal of FOIA request 02-205 to the U.S. Patent and Trademark Office (USPTO) as required by the applicable regulation, 37 C.F.R. § 102.10(b)." Id.

Because a final ruling was issued with respect to the validity of this claim in a prior case, the doctrine of res judicata requires dismissal of the claim in this case.

### 4.    FOIA Requests 04-281 and 05-108

With respect to request 04-281, Defendants contend that they conducted a reasonable search but failed to locate any responsive documents.  Defs.' Mot. at 21-22, Ex. I at 12-14.  Plaintiff fails to respond in any way to this argument.  His opposition does not even mention request 04-281.

With respect to FOIA request No. 05-108, Defendant argues that it released all responsive documents.  Plaintiff did not appeal Defendants' determination, and does not respond at all to its argument related to this request.

It is well-established in this Circuit that when a party fails to respond to an argument made in a dispositive motion, the court may treat that argument as conceded. See LCvR 7.1(b); FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997). Consequently, Defendants' Motion must be granted with respect to FOIA requests 04-281 and 05-108.

### D. Plaintiff's 42 U.S.C. § 1983 and Bivens Claims Are Meritless

To state a claim under Section 1983, a plaintiff must establish that the defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Williams v. United States, 396 F.3d 412, 414 (D.C. Cir. 2004) (citing West v. Atkins, 487 U.S. 42, 49 (1988) (internal quotations omitted)). "A challenged activity may be state action when it results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." Id. (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001)).

With respect to his Section 1983 claim, Plaintiff contends that the USPTO intervened with "the State Bars of the States of New York and Connecticut," causing him to lose his law licenses in those two states. Opp'n at 12. Neither the Amended Complaint nor Plaintiff's papers on these Cross Motions provides any information

to support this 1983 claim, and it is totally unclear to the Court on what grounds he seeks relief. Conclusory allegations of a Section 1983 violation such as the ones Plaintiff makes here simply cannot withstand a summary judgment motion. Thomas v. News World Comm., 681 F. Supp. 55, 67 (D.D.C. 1988). Accordingly, Plaintiff's Section 1983 claim must be dismissed.

Next, Plaintiff baldly asserts, for the first time in his Opposition to Defendants' Motion, that he is bringing a claim under Bivens v. Six Unknown Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court recognized a cause of action for damages against federal officials who, acting as individuals, violate a plaintiff's clearly established constitutional rights. Id. at 390-97.

As explained above, Plaintiff has no protected constitutional right in practicing before the USPTO, and he has failed to allege any additional constitutional right that the individually named Defendants could have violated. As such, Plaintiff's Bivens claim must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **denied**, and Defendant's Cross Motion to Dismiss or, in the Alternative, for Summary Judgment, is **granted.**

In addition, the Court finds it necessary at this very late stage in this protracted, completely meritless litigation that

Plaintiff has pursued with a total lack of success for eighteen years, to address any future litigation Plaintiff may be contemplating.

With each petition for reinstatement to practice before the USPTO, appeal of the administrative decision in the federal courts, and appeal to the Federal Circuit, Plaintiff has needlessly burdened the agency and the judicial system.  In each federal case, Plaintiff has flooded the court's docket with frivolous, repetitive motions and other filings, which are barely comprehensible, and which rarely, if ever, have any merit.  (It must be remembered that these are the papers of an individual who once functioned as a practicing lawyer.)  In this case alone, Plaintiff has filed twenty-one motions, three of which he claimed were of an "emergency" nature, yet bore no merit whatsoever.  Those motions were followed by approximately twenty "supplements," "erratas," or "notices," which further confused the docket and wasted the valuable time and resources of administrative staff, law clerks, and the Court itself.

As noted above, the Federal Circuit previously warned Plaintiff barely a year ago about the frivolous nature of his litigation of this matter.  The court stated:

> Putting this litigation history into perspective, Mr. Klein's registration could have been reinstated as early as 1989 had he followed the PTO's procedure for reinstatement, laid out in 37 C.F.R. §§ 10.158 and 10.160 . . . Instead, Mr. Klein chose to seek reinstatement outside of these requirements by challenging the validity

> of the PTO's proceedings against him on grounds of due process and substantiality of the evidence against him. This court found no substance to the due process challenges and concluded that substantial evidence supported the charge that Mr. Klein had acted deliberately to mislead the PTO by falsely representing document mailing dates. See Klein v. Peterson, 866 F.2d 412, 414 (Fed. Cir. 1989). Since 1989, Mr. Klein has continued to file petitions within the PTO, district court actions, and subsequent appeals to this court. None of these actions, and none of the evidence which Mr. Klein has introduced since 1989, have resulted in his reinstatement. This court most recently affirmed the PTO's decision on reinstatement in Klein v. Lehman, 61 F.3d 918 (1995) (table). It is clear to this court that no further avenues of litigation would be fruitful to Mr. Klein in redeeming his registration. Any further filings on the body of facts already in the record will be considered frivolous, and could lead to sanctions.

Dudas, 2005 WL 548264 (Fed. Cir. Mar. 9, 2005). Plaintiff has failed to heed the court's warning.

Moreover, as Defendants' counsel pointed out in its papers, there seems to be no end in sight to Plaintiff's litigation of this issue. On March 10, 2005, before this Court even had the opportunity to rule on the USPTO's denial of Plaintiff's seventh petition for reinstatement to the USPTO, he filed yet another petition for reinstatement before the USPTO.

Because it appears Plaintiff will, left to his own inclinations, continue to litigate this issue indefinitely and to no avail, and in doing so seriously burden the Court and opposing counsel with responding to his frivolous, rambling pleadings,[2] the

---

[2] In this case alone, Plaintiff filed three Motions for Temporary Restraining Order, each seeking, in part, to enjoin the

Court finds it necessary to bar Plaintiff from filing any further complaints in this Court relating in any way to his 1987 suspension from practice before the USPTO.

    The Court acknowledges that imposition of such a sanction is a very serious matter.  After examining the pleadings in all of Plaintiff's litigation in this Circuit, the Court has concluded that such a measure is necessary.

| | |
|---|---|
| May 24, 2006 | /s/_____<br>Gladys Kessler<br>United States District Judge |

---

entire state judiciary of Connecticut from proceeding in unrelated cases against him.